Kelly, J.
(dissenting). I disagree with the majority’s conclusion that plaintiff’s medical records were ordered for a nonpersonal purpose. Though the records were acquired by plaintiff’s attorneys, this alone should not preclude the application of the Michigan Consumer Protection Act (mcpa), MCL 445.901 et seq.
The attorney-client relationship is generally governed by agency principles. Friedman v Dozorc, 412 *219 Mich 1, 75; 312 NW2d 585 (1981) (“Attorneys are the agents who provide the necessary expertise for clients who wish to litigate their rightful claims.”) (Opinion of Blair Moody, Jr., J.). Here, Goren & Goren, P.C., sought plaintiffs medical records while acting in its representative capacity and with plaintiffs consent. Under agency theory, the request by the law firm to defendant is treated as having been made by plaintiff to defendant.[1]
Plaintiff, through his attorney-agent, requested the medical records for an evaluation of his injuries in connection with a slip-and-fail lawsuit against a shopping center. Through this lawsuit, plaintiff sought to restore himself to his preinjury status. Plaintiff did not bring the lawsuit as part of a commercial dispute. Rather he brought it to recover for injury to his person. I would hold that this request was personal in nature, falling within the purview of the mcpa.
Accordingly, I agree with Judges White and Wilder of the Court of Appeals, and I would remand the case to the trial court for consideration of the alleged mcpa violation.

 1 Restatement Agency 2d (1958), ch 6, § 147, p 361, states:
§ 147 Inference That Principal Is a Party; Simple Contracts
Unless otherwise agreed, a disclosed or partially disclosed principal is a party to a contract, if not negotiable or sealed, made by his agent within his authority.